UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | | |
|---|---|---|
| SILICON GENESIS CORPORATION, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | File No. 1:15-CV-239 |
| | : | |
| GLOBALFOUNDRIES U.S., INC., | : | |
| | : | |
| Defendant. | : | |
| | : | |

RULING ON MOTION TO STAY
(Doc. 10)

I.      Introduction

In November 2015, Plaintiff Silicon Genesis Corporation ("SiGen") commenced this patent infringement action against Defendant GlobalFoundries U.S., Inc. ("Globalfoundries"), alleging its patents are infringed through GlobalFoundries' importation of SOI wafers manufactured by Soitec. (Doc. 1.) In January, GlobalFoundries moved to stay this action while an investigation by the United States International Trade Commission ("ITC") involving the same patents is pending. (Doc. 10.) SiGen opposes the motion. (Doc. 16.) GlobalFoundries filed a reply. (Doc. 18.) For the reasons that follow, the motion is granted.

In August 2015, SiGen filed a complaint with the ITC to initiate an investigation based on the alleged infringement by French company S.O.I.TEC Silicon on Insulator Technologies, S.A. ("Soitec") of eight SiGen patents. (Doc. 10-1.) Soitec is GlobalFoundries' supplier of silicon-on-insulator ("SOI") products. In September, the ITC issued a notice of investigation naming Soitec as the sole respondent. (Doc. 10-2.) GlobalFoundries is not a party to the ITC investigation. See Doc. 10-1.

While the parties agree res judicata would not attach to the ITC determination, GlobalFoundries argues a stay would preserve judicial and party resources during the pendency of the investigation, and avoid GlobalFoundries prematurely litigating Soitec's action in its stead as a customer.  (Docs. 10, 18.)  Silicon Genesis argues, as res judicata would not attach, judicial economy is not served by a stay and the Court should follow the strong public policy to expeditiously resolve this litigation.  (Doc. 16.)

SiGen asserts stays of litigation are the exception rather than the rule and the burden is on GlobalFoundries to show a stay is justified, considering (1) whether the granting of a stay would cause the non-moving party to suffer undue prejudice from any delay or allow the moving party to gain a clear tactical advantage; (2) whether a stay will simplify the issues for trial; and (3) whether discovery is complete and a trial date set.  (Doc. 16 at 3 (citing cases).)  GlobalFoundries argues these considerations, as well as the "customer suit exception," weigh in favor of granting a stay.  (Doc. 18 2-7.)

Under the "customer suit" exception, litigation against or brought by the manufacturer of infringing goods takes precedence over a suit by the patent owner against customers of the manufacturer.  <u>Katz v. Lear Siegler, Inc.</u>, 909 F.2d 1459, 1464 (Fed. Cir. 1990); <u>In re Nintendo</u>, 756 F.3d 1363, 1365 (Fed. Cir. 2014).  "This 'customer suit' exception to the 'first-to-file' rule exists to avoid, if possible, imposing the burdens of trial on the customer, for it is the manufacturer who is generally the 'true defendant' in the dispute.  <u>Nintendo</u>, 756 F.3d at 1365.  The customer suit exception is designed to facilitate just, convenient, efficient, and less expensive determination.  <u>Id.</u>

While the circumstances here may differ from those typically present in applying the customer-suit exception in that SiGen has filed against Soitec before the ITC, and GlobalFoundries, a non-party to that action, has not agreed to be bound by the outcome, GlobalFoundries is the

customer of Soitec, and Soitec, the alleged infringing manufacturer, is involved in an action brought by SiGen.  The Court agrees this action will be advanced following the determination of the ITC action, which could simplify the issues here.  Further, this action is in its nascent stages, no discovery having been conducted or trial date set.  A stay will avoid forcing GlobalFoundries to litigate this issue before Soitec, the "true defendant," has defended itself and would not prejudice SiGen as it seeks only damages.  Accordingly, the Court, in its discretion, grants GlobalFoundries' motion to stay.  Clinton v. Jones, 520 U.S. 681, 701 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket.").

This case is stayed pending the determination by the ITC of In the Matter of Certain Silicon-on-Insulator Wafers, Investigation No. 337-TA-966.  SiGen shall file a status update with the Court every six months regarding the progress of the ITC action and shall immediately inform the Court upon its conclusion.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 22nd day of March, 2016.

/s/ J. Garvan Murthy
Honorable J. Garvan Murtha
United States District Judge